UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| HOWARD BAKER, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 12-CV-2221 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION

On August 23, 2012, Petitioner, Howard Baker, filed a pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1) and a Memorandum in Support (#2). On November 26, 2012, the Government filed its Response to Petitioner's Motion (#5). Subsequently, Petitioner filed two Motions for Judgment on the Pleadings (#6, #7). On April 12, 2013, the Government filed its Response to the Motion for Judgment on the Pleadings (#8). The Government stated that it appeared that Petitioner was just asking the court to rule on his Motion under § 2255 and, as such, the Government had no objection.

This court has carefully and thoroughly reviewed the arguments of the parties and the documents provided. This court has also reviewed the record in the underlying criminal case. Following this careful consideration, Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1) is DENIED. Because this court has now ruled on Petitioner's Motion (#1), Petitioner's Motions for Judgment on the Pleadings (#6, #7) are MOOT. In addition, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED.

# I.  FACTS

## A.  CRIMINAL CASE

On August 4, 2009, in Case No. 09-CR-20055, Petitioner was charged by indictment with one count of knowingly and intentionally possessing five grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, with the intent to distribute it.  Attorney Neil Schurter was appointed as counsel for Petitioner.  On September 17, 2009, the Government filed a Notice of Prior Convictions pursuant to 21 U.S.C. § 851(a)(1) and stated that Petitioner had two prior drug convictions in Champaign County.  A jury was selected on October 29, 2009, and a jury trial commenced on November 2, 2009.

At trial, Champaign Police Officer Christopher Aikman testified that, on July 24, 2009, he drove to the 200 block of East Hill Street.  Aikman was responding to a complaint to police that a person was battered in that block of Hill Street.  The description of the assailant was a black male, wearing a black shirt and red pants.  Aikman observed an individual, later identified as Petitioner, who was wearing a black shirt and red sweat pants.  Petitioner was standing outside a residence in the 200 block of Hill Street. Aikman asked Petitioner to come talk to him.  Petitioner complied, walked over to Aikman and voluntarily handed over his identification.  Aikman then told Petitioner that he was going to pat him down and reached for Petitioner's arm, at which point Petitioner began running westbound on the sidewalk.  Aikman testified that he was going to pat down Petitioner because "the initial complaint was that the subject was possibly armed

with a pistol" and he did not want Petitioner "accessing a pistol." Aikman chased Petitioner and both of them collided onto a fence. Petitioner then ran back toward the residence and ran into the house. Aikman followed him into the house and landed on top of him. Petitioner was then apprehended and secured. Aikman testified that, after Petitioner was taken to a squad car, he returned to the area where they had collided and recovered crack cocaine near the fence.

Petitioner's occasional girlfriend, Trena Keomala, testified at trial under a grant of immunity. Keomala testified that she spoke to Petitioner the night he was arrested, prior to his arrest, and Petitioner informed her he was on the "Hill" because that was where he "made his money." Keomala testified that she asked Petitioner whether he had any crack cocaine for her to sell and Petitioner responded that he only had enough crack cocaine for himself. Keomala also testified that, since late 2006, she routinely received crack cocaine from Petitioner, which she would sell and Petitioner would receive the proceeds. She testified that she had received crack cocaine from Petitioner to sell just days before his arrest.

After the Government rested, Petitioner's counsel made a motion for "directed finding at the close of the government's evidence." This court construed the motion as a motion for judgment of acquittal pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure. This court then considered whether the Government had made a prima facie case as to all the elements of the offense and stated that "[t]he Court finds that a prima facie case has been made and denies the Rule 29(a) motion of the defendant at this time."

Petitioner's counsel renewed his motion after the close of all the evidence. This court discussed the motion and the applicable standard and stated, "the Court will deny the Rule 29(a) motion under the Federal Rules of Criminal Procedure at the conclusion of all the evidence in this case." The jury found Petitioner guilty on November 3, 2009.

On February 16, 2010, a sentencing hearing was held. At sentencing, this court asked Petitioner directly if he was disputing that he had been convicted of unlawful delivery of a controlled substance, Champaign County Circuit Case 99-CF-1877, and Petitioner responded, "Yes, I was convicted." This court also discussed Petitioner's conviction of unlawful delivery of a controlled substance, Champaign County Circuit Court Case 00-CF-1428. This court stated to Petitioner, "you're not disputing you were convicted in that offense; is that right?" and Petitioner answered. "Right." This court then found Petitioner to be a career offender based upon his two prior convictions. This court sentenced Petitioner to a term of 360 months in the Federal Bureau of Prisons.

Petitioner appealed, and the Seventh Circuit affirmed his conviction and sentence on August 23, 2011. *United States v. Baker*, 655 F.3d 677 (7th Cir. 2011). Petitioner's first argument on appeal was that Keomala's testimony regarding Petitioner's prior drug distributions to her should not have been admitted under Rule 404(b) of the Federal Rules of Evidence. Because a Rule 404(b) objection had not been made to this testimony at trial, the Seventh Circuit considered the argument under a plain error standard. In considering this issue, the Seventh Circuit concluded that the admission of Keomala's

testimony about Petitioner's prior bad acts did not constitute error under Rule 404(b). *Baker*, 655 F.3d at 681. The Seventh Circuit stated:

> The relevance of Keomala's testimony is apparent. Following his arrest, Baker denied that he knowingly possessed the baggies of crack cocaine on the night he was arrested and also denied that he possessed the crack cocaine with intent to deliver it. Testimony regarding other instances in which Baker possessed crack cocaine with the intent to deliver it is relevant to Baker's intent and knowledge.

*Baker*, 655 F.3d at 681. The Seventh Circuit went on the say that, "[b]ecause Baker denies intent, this evidence is highly probative on that element." *Baker*, 655 F.3d at 682. The Seventh Circuit also rejected Petitioner's challenge to the reasonableness of his sentence and the sufficiency of the evidence at trial. *Baker*, 655 F.3d at 682-84.

### B.  2255 MOTION

On August 23, 2012, Petitioner filed his pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1) and a Memorandum in Support (#2). Petitioner claimed that he was denied the effective assistance of trial counsel. In particular, he argued that his counsel was ineffective because: (1) he did not file a motion to suppress evidence prior to trial; (2) he did not object to Keomala's trial testimony under Rule 404(b) of the Federal Rules of Evidence; (3) he failed to properly move for judgment of acquittal pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure;

and (4) he failed to properly challenge the Government's evidence regarding Petitioner's two prior convictions which led to this court's finding that Petitioner was a career offender.

On November 26, 2012, the Government filed its Response (#5) and argued that Petitioner's claims are without merit. The Government argued that Petitioner had not established ineffective assistance of counsel on any of the grounds set forth in his Motion.

## II. ANALYSIS

This court first notes that relief under 28 U.S.C. § 2255 is reserved for extraordinary situations. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996), *citing Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993). Accordingly, a petitioner may avail himself of relief under § 2255 only if he can "demonstrate that there are flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.3d 296, 298 (7th Cir. 1995). Based upon this standard, and the record in this case, this court agrees with the Government that Petitioner has not included any claims which would warrant an evidentiary hearing or relief under 28 U.S.C. § 2255.

Petitioner's claims are all based upon his contention that he was denied the effective assistance of trial counsel. "The Sixth Amendment to the Constitution accords criminal defendants the right to effective assistance of counsel." *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009). "To succeed on a claim of ineffective assistance, a prisoner must prove (1) his attorney's performance fell below an objective standard of

reasonableness, and (2) he suffered prejudice as a result." *Wyatt*, 574 F.3d at 457-58, *citing Strickland v. Washington*, 466 U.S. 668, 678-88, 693 (1984). With respect to the performance prong of the two-part test, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Wyatt*, 574 F.3d at 458, *quoting Strickland*, 466 U.S. at 689. A petitioner "must establish the specific acts or omissions of counsel that he believes constituted ineffective assistance" and the court then determines "whether such acts or omissions fall outside the wide range of professionally competent assistance." *Wyatt*, 574 F.3d at 458. Regarding the prejudice prong of the two-part test, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Petitioner first argues that his counsel was ineffective because he did not file a motion to suppress evidence prior to trial. Petitioner contends that his Fourth Amendment rights were violated when Aikman attempted to pat him down in violation of *Terry v. Ohio*, 392 U.S. 1 (1968) and his trial counsel was ineffective because he did not file a motion to suppress the evidence obtained as a result of Aikman's unreasonable search and seizure.[1]

---

[1] The Government has pointed out that Petitioner argues that the evidence seized from his vehicle should have been suppressed. This court agrees with the Government that the evidence shows that there was no search of Petitioner's vehicle. This court concludes, however, that Petitioner is actually seeking to suppress the drugs which Aikman found by the fence after

When a claim of ineffective assistance of counsel is based on counsel's failure to present a motion to suppress, the Seventh Circuit has required that a defendant prove the motion was meritorious. *United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005); *see also Mason v. Godinez*, 47 F.3d 852, 855 (7th Cir. 1995). This court agrees with the Government that the facts here show that there was no violation of *Terry*, so counsel could not have been ineffective for failing to file a motion to suppress.

The Fourth Amendment protects individuals from "unreasonable searches and seizures." U.S. Const., amend. IV. It is well settled, however, that "a brief, investigatory stop that demands only a limited intrusion into an individual's privacy is permitted under the Constitution when it is based upon 'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'" *United States v. Baskin*, 401 F.3d 788, 791 (7th Cir. 2005), *quoting Terry*, 392 U.S. at 21. A *Terry* stop is permissible where the police officer has "a reasonable, articulable suspicion that criminal activity is afoot." *United States v. Lawshea*, 461 F.3d 857, 859 (7th Cir. 2006), *citing Terry*, 392 U.S. at 30. "[R]easonable suspicion is less than probable cause but more than a hunch." *Lawshea*, 461 F.3d at 859, *quoting Illinois v. Wardlow*, 528 U.S. 119, 123 (2000). When determining whether reasonable suspicion exists, courts "examine the totality of the circumstances known to the police at the time of the stop, including the experience of the officers and the behavior and characteristics of the suspect." *United States v. Lenoir*, 318 F.3d 725, 729 (7th Cir. 2003). "Specifically, police

---

Petitioner was detained.

observation of an individual, fitting a police dispatch description of a person involved in a disturbance, near in time and geographic location to the disturbance establishes a reasonable suspicion that the individual is the subject of the dispatch." *Lenoir*, 318 F.3d at 729.

This court agrees with the Government that the facts of this case show that Aikman had reasonable suspicion to make a *Terry* stop of Petitioner. Petitioner fit the physical description of the battery assailant and was present in the area where the battery was reported to have taken place. This court also agrees with the Government that Aikman properly attempted to conduct a pat down search of Petitioner. During a *Terry* stop, "a law enforcement officer can conduct a protective pat-down search only if the officer has 'at a minimum some articulable suspicion that the subject is concealing a weapon or poses a danger to the [officer] or others . . . ." *United States v. Oglesby*, 597 F.3d 891, 894 (7th Cir. 2010), *quoting United States v. Pedroza*, 269 F.3d 821, 827 (7th Cir. 2001). Aikman was justified in attempting to conduct a pat down of Petitioner as the initial complaint regarding the battery "was that the subject was possibly armed with a pistol." That information, along with Petitioner matching the description of the battery assailant, provided articulable suspicion that Petitioner could be concealing a weapon and posed a danger to the officer. This court further agrees with the Government that Aikman's recovery of the discarded drugs near the fence was not an unconstitutional seizure. *See United States v. Griffin*, 652 F.3d 793, 799-801 (7th Cir. 2011).

Because this court has concluded that there was no violation of Petitioner's Fourth Amendment rights, counsel's decision not to file a motion to suppress could not have been ineffective assistance of counsel. "Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel." *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996). Because any motion to suppress would have failed, Petitioner's counsel was not ineffective in not filing such a motion. *See Bond v. United States*, 77 F.3d 1009, 1014 (7th Cir. 1996); *see also United States v. Winbush*, 2011 WL 6122582, at *4-5 (N.D. Ind. 2011).

Petitioner next claims that his counsel was ineffective because he failed to object to Keomala's testimony regarding Petitioner's prior drug activity under Rule 404(b). Petitioner cannot show that his counsel was ineffective for failing to make such an objection because the Seventh Circuit has held that this evidence was properly admitted under Rule 404(b). *Baker*, 655 F.3d at 681-82. Any objection to this evidence under Rule 404(b) would have been denied. Again, counsel could not be ineffective for failing to raise a losing argument. *See Stone*, 86 F.3d at 717.

Petitioner has also argued that his counsel was ineffective for failing to properly move for judgment of acquittal pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure. This argument requires little discussion. Petitioner's counsel did make such a motion at the close of the Government's evidence and at the close of all the evidence. While he did not use the words "Rule 29(a)," this court construed the motions as being brought under Rule 29(a), considered them and denied them. This court concludes,

without hesitation, that if counsel had used the words "Rule 29(a)" it would have made no difference to this court's decision to deny the motions.  This court notes that the Seventh Circuit also concluded that the evidence against Petitioner was sufficient for a reasonable jury to find him guilty.  *Baker*, 655 F.3d at 684.  As Petitioner's counsel did make both motions for judgment of acquittal, Petitioner's claim of ineffective assistance of counsel is factually incorrect and without merit.

Petitioner's last argument is that counsel was ineffective for failing to object to the two controlled substance convictions that were used to establish his career offender status.  Petitioner has not provided this court with any possible basis for such an objection.  The Government has pointed out that Petitioner himself was given the opportunity to object to the use of these convictions at sentencing and specifically agreed that he had been convicted of both offenses.  This court concludes that Petitioner has not shown that any objection made by counsel had any possible chance of success, so Petitioner has not shown that his counsel was ineffective for not challenging the convictions.

For all of the reasons stated, Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1) is DENIED.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case.  A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2).  Therefore, a certificate of appealability should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  This court concludes that jurists of reason would not find it debatable whether Petitioner's Motion states a valid claim of the denial of a constitutional right.

IT IS THEREFORE ORDERED THAT:

(1)  Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1) is DENIED.

(2) Petitioner's Motions for Judgment on the Pleadings (#6, #7) are MOOT.

(3) Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED.

(4) This case is terminated.

ENTERED this 15th day of October, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE